IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JULIAN CARMONA, Individually,  §
and as next of friend of       §
J.C., JR., AND J.C.,           §
                               §
          Plaintiffs;          §
                               §
v.                             §        CIVIL ACTION NO. H-16-3664
                               §
WILLIAM WRIGHT, JR., and       §
THE CITY OF HOUSTON,           §
                               §
          Defendants.          §

**MEMORANDUM OPINION**

Pending before the court[1] is Defendants City of Houston ("City") and William Wright, Jr.'s, ("Wright") Motion to Dismiss (Doc. 6). The court has considered the motion, Plaintiffs' response, Defendants' reply, and Plaintiffs' surreply, all other relevant filings, and the applicable law. For the reasons set forth below Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Case Background

Plaintiffs[2] filed this action in state court, and Defendants removed it to federal court on December 15, 2016.[3] In the live pleading, Plaintiffs allege violations of 42 U.S.C. § ("Section")

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 1, Ord. Dated December 15, 2016.

[2] Plaintiffs are Julian Carmona and his two minor children who witnessed the incident.

[3] See Doc. 1, Not. of Removal.

1983 and state tort claims of assault, intentional infliction of emotional distress, false imprisonment, slander, and malicious prosecution, stemming from his arrest and detainment on April 1, 2016.[4]

## A.  **Factual Background**

On April 1, 2016, Plaintiff Julian Carmona ("Carmona") parked at a convenience store located in Cypress, Texas.[5]  Carmona opened his vehicle's door and his licensed handgun "inadvertently" fell out, and without delay he "calmly and immediately" placed the handgun back inside of his vehicle.[6]

Thereafter, Wright, an off-duty, uniformed Houston Police Officer, quickly exited an unmarked vehicle and pointed his service weapon at Carmona, accusing him of pointing his handgun at the officer.[7]

Wright then ordered Carmona to lie face down in the convenience store's concrete parking lot in the presence of his two minor children who were seated in the back of Carmona's vehicle.[8] Carmona complied and was then handcuffed, arrested, taken to jail,

---

[4]     See Doc. 3, Pls.' Am. Compl.

[5]     See id. p. 2.

[6]     Id.

[7]     See id.

[8]     See id. p. 3.

and charged with the felony offense of aggravated assault.[9]

The store's surveillance camera filmed the confrontation between Carmona and Wright.[10]   Plaintiffs allege that the surveillance footage from the convenient store shows that Carmona did not point his handgun at anyone, including Wright.[11]

Carmona was eventually no-billed by a grand jury, and the Harris County District Attorney's Office dismissed the aggravated assault complaint.[12]

**B.   <u>Procedural History</u>**

On June 15, 2016, Plaintiffs filed their original petition in the 215th Judicial District Court of Harris County, Texas, bringing claims solely against Wright for assault, intentional infliction of emotional distress, false imprisonment, slander, and malicious prosecution.[13]

On June 27, 2016, Wright filed a motion to dismiss Plaintiffs' original petition, based on the Texas Tort Claims Act's election of remedies clause, which provides that an employee acting in his individual or official capacity must be dismissed and the employer

---

[9]     See <u>id.</u>

[10]    See <u>id.</u>

[11]    See <u>id.</u> p. 3.

[12]    See <u>id.</u> pp. 3-4.

[13]    See Doc. 1-5, Pls.' Orig. Pet.

named in his place.[14]  Tex. Civ. Prac. & Rem. § 101.106(e).

On July 5, 2016, Plaintiffs filed a supplementation to their original complaint.[15]  The supplementation joined Defendant City and claimed that the City was liable for Wright's actions under the doctrine of respondeat superior.[16]  The supplementation also argued that Wright should not be dismissed from the lawsuit as immunity did not apply to a state actor who commits a negligent or wrongful act.[17]

On December 9, 2016, the City filed a motion to dismiss Wright under Section 101.106(e) of the Texas Tort Claims Act and sought to dismiss the remaining claims against the City for want of subject matter jurisdiction.[18]

On December 13, 2016, Plaintiffs again supplemented their original complaint against the City and Wright, maintaining their claims under state law and adding violations of Carmona's constitutional rights under the Fourth and Fourteenth Amendments.[19] Specifically, Plaintiffs alleged that Wright falsely claimed that

---

[14]    See Doc. 1-5, Def. Wright's Mot. to Dismiss Pls.' Orig. Pet.

[15]    See Doc. 1-5, Pls.' 1st Supplementation to Pls.' Orig. Pet. in Resp. to Def. Wright's Mot. to Dismiss.

[16]    See id.

[17]    See id.

[18]    See Doc. 1-5, Defs.' Mot. to Dismiss & Plea to the Jurisdiction p. 52 of 100.

[19]    See Doc. 1-5, Pls.' 3d Supplementation to Pls.' Orig. Pet. in Resp. to Def. Wright's Mot. to Dismiss & Def. City's Mot. to Dismiss & Plea to the Jurisdiction.

Carmona pointed his handgun at Wright, that a grand jury returned a no-bill on the charge thereby confirming a lack of probable cause for his arrest, and that Plaintiff was harmed by being unable to take diabetic medication during his arrest and by the forceful manipulation of his wrists during handcuffing.[20]  Plaintiffs did not expend much ink on Carmona's constitutional claims, merely concluding, "Defendant Wright also negligently violated [Plaintiff] Carmona's fourth and fourteenth amendment rights under the United States Constitution."[21]

On December 14, 2016, Plaintiffs filed a supplemental response which alleged that the City was liable under a negligence per se standard of care.[22]  On December 15, 2016, Defendants removed this action to federal court based on federal question jurisdiction.[23] Plaintiffs filed an amended complaint on December 27, 2016.[24] Plaintiffs continued to maintain claims under state tort law, as well as claims arising under the U.S. Constitution pursuant to Section 1983.

On January 6, 2017, Defendants collectively filed a motion to

---

[20]    See id. pp. 70-71 of 100.

[21]    See Doc. 1, Not. of Removal.

[22]    See Doc. 1-5, Pls.' Supplemental Resp. & Br. in Supp. of Pls.' Resp. to Def. Wright's Mot. to Dismiss & Def. City's Mot. to Dismiss & Plea to the Jurisdiction.

[23]    See Doc. 1, Not. of Removal.

[24]    See Doc. 3, Pls.' Am. Comp.

dismiss Plaintiffs' amended complaint arguing: (1) a lack of subject matter jurisdiction based on governmental immunity; and, (2) failure to state a claim.[25]   Plaintiffs subsequently filed a response to Defendants' Motion to Dismiss on January 11, 2017.[26] Defendants then jointly filed a reply to Plaintiffs' response.[27] Thereafter, on January 20, 2017, Plaintiffs filed a surreply to Defendants' reply.[28]   On February 7, 2017, both parties consented to proceed before the undersigned.[29]

The court now considers Defendants' Motion to Dismiss.

## II.  Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3).   Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).   The party asserting jurisdiction bears the burden of overcoming the

---

[25]    See Doc. 6, Defs.' Mot. to Dismiss.

[26]    See Doc. 8, Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss for Failure to State a Claim.

[27]    See Doc. 9, Defs.' Reply to Pls.' Resp. to Defs.' Mot. to Dismiss.

[28]    See Doc. 10, Pls.' Surreply to Defs.' Reply to Pls.' Resp. to Defs.' Mot. to Dismiss.

[29]    See Doc. 18, Ord. Dated Feb. 7, 2017.

presumption that the cause falls outside the court's limited jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377; <u>Howery</u>, 243 F.3d at 916, 919.

Generally, a district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove any civil action if the federal district court would have original jurisdiction. 28 U.S.C. § 1441. Federal courts may only hear cases that either: (1) involve a federal question; or, (2) where there is diversity of citizenship between the plaintiff and defendant, and the amount-in-controversy exceeds $75,000. <u>See</u> 28 U.S.C. § 1332. The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." <u>Krim v. pcOrder.com, Inc.</u>, 402 F.3d 489, 494 (5th Cir. 2005)(quoting <u>Montez v. Dep't of Navy</u>, 392 F.3d 147, 149 (5th Cir. 2004)). The court should decide the Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion before addressing any attack on the merits. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001). <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559 (1992).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's properly pleaded complaint must include factual content above a speculative level. <u>See Cevallos v. Silva</u>, 541 F. App'x. 390, 392–

7

93 (5th Cir. 2013)(unpublished).   Pursuant to Rule 12(b)(6),
dismissal of an action is appropriate whenever the complaint, on
its face, fails to state a claim upon which relief can be granted.
When considering a motion to dismiss, the court should construe the
allegations in the complaint favorably to the pleader and accept as
true all well-pleaded facts.   Sullivan v. Leor Energy, LLC, 600
F.3d 542, 546 (5th Cir. 2010).

When reviewing a Rule 12(b)(6) motion, the court must be
mindful that a complaint need not contain "detailed factual
allegations" but must include sufficient facts to indicate the
plausibility of the claims asserted, raising the "right to relief
above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009).  Plausibility means that the factual content "allows the
court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." Iqbal, 556 U.S. at 678.  A plaintiff
must provide "more than labels and conclusions" or "a formulaic
recitation of the elements of a cause of action."   Twombly, 550
U.S. at 555.  In other words, the factual allegations must allow
for an inference of "more than a sheer possibility that a defendant
has acted unlawfully." Iqbal, 556 U.S. at 678.  Rule 8(a)(2)
requires only "a short and plain statement of the claim showing
that the pleader is entitled to relief," in order to "give the
defendant fair notice of what the . . . claim is and the grounds

8

upon which it rests." <u>Twombly</u>, 550 U.S. at 555.

### III.  Analysis

In Plaintiffs' amended complaint, they allege claims for civil rights violations under the Fourth and Fourteenth Amendments, as well as for assault, intentional infliction of emotional distress, false imprisonment, slander, and malicious prosecution.  Defendants move to dismiss all of Plaintiffs' claims, and the City also argues that it is immune from exemplary damages.

### A.  <u>Fourth and Fourteenth Constitutional Claims</u>

Plaintiff Carmona alleged that his rights under the Fourth and Fourteenth Amendments were violated when Wright arrested him without probable cause and employed excessive force during the arrest.  The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The Fourth Amendment encompasses the constitutional protections Plaintiffs allege to have been violated.[30]

### 1.  Excessive Force

To bring a claim of excessive force in violation of the Fourth Amendment, a plaintiff must allege (1) an injury; which (2) resulted directly and only from the use of force that was excessive

---

[30]    Although Plaintiffs mentions the Fourteenth Amendment, the court does not consider Plaintiffs' complaint to have stated a substantive due process claim.  "These types of claims [for excessive force] brought under Section 1983 must be analyzed under the explicit textual sources of constitutional protection found in the Fourth Amendment, not the more subject standard of substantive due process."  <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989).

to the need; and, (3) the force used was objectively unreasonable. Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001). To state a claim for excessive force, the plaintiff must have suffered more than a de minimis injury. Id. The injury is evaluated in the context in which the force was deployed. Id.

Even assuming the absence of probable cause, an excessive force claim is evaluated independently of an unlawful arrest claim; therefore, that an arrest was unlawful does not necessarily mean that any force used was excessive. Freeman v. Gore, 483 F.3d 404, 417 (5th Cir. 2007)(noting that an excessive force claim is separate and distinct from an unlawful arrest claim and is analyzed without regard to whether the arrest itself was justified). In short, the reasonableness of the force deployed is evaluated apart from the justiciability of an unlawful arrest. See id.

In Freeman, the court found that bruising from handcuffing did not give rise to an excessive force claim in violation of the Fourth Amendment. See id. Accordingly, when officers effectuate an arrest and minor injuries result, those injuries do not give rise to a constitutional claim of excessive force. See id.

Carmona averred that he suffered physical pain in the course of being handcuffed and suffered additional distress because his arrest and detention interfered with his ability to take his diabetes medication. Because handcuffing is a necessary component to effectuate an arrest, Carmona would need to allege facts that

the pain was excessive and extended beyond a contemporaneous period.  See Glenn v. City of Tyler, 242 F.3d 307, 314-15 (5th Cir. 2001)(concluding that "handcuffing too tightly, without more, does not amount to excessive force").  Furthermore, Carmona's detention, not the officer's excessive force, prevented him from taking his medication.  The lack of opportunity to take his medication relates directly to his unlawful arrest claim and must be evaluated separately from his excessive force claim.  See Freeman, 483 F.3d at 417.

Carmona has failed to allege that the force used was excessive to the need and that the pain suffered was more than de minimis; therefore, Carmona has failed to allege an excessive force claim under the Fourth Amendment.

**2. False Arrest**

When bringing a claim for false arrest in violation of the Fourth Amendment, a plaintiff must show that the officer did not have probable cause to arrest.  See Evans v. City of Meridian Miss., 630 Fed. App'x 312, 315 (5th Cir. 2015)(unpublished); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001)(stating that the constitutional tort of false arrest requires "a showing of no probable cause").  Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."

11

Turner v. Driver, 848 F.3d 678, 694 (5th Cir. 2017).  The officer's belief that probable cause is present must be objectively reasonable; it is irrelevant what his subjective beliefs were. Anderson v. Creighton, 483 U.S. 635, 641 (1987).

A grand jury indictment is usually sufficient to establish probable cause.  See Gerstein v. Pugh, 420 U.S. 103, 117 (1975). When facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party."  Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 813 (5th Cir. 2010).  The chain of causation remains intact, unless "it can be shown that the deliberations of the intermediary were tainted by the actions of the defendant."  Hand v. Gary, 838 F. 2d 1420, 1428 (5th Cir. 1988).  Moreover, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the intermediary . . . ."  Id. at 1427-28.

Here, the court takes judicial notice of the magistrate judge's determination of probable cause.[26]  When there is a probable cause finding by a magistrate judge before a no-bill, a plaintiff cannot predicate his Fourth Amendment claim on a grand jury's

---

[26]    Doc. 6-1, Ex. 1  to Defs.' Mot. to Dismiss, Compl.; Doc. 6-2, Ex. 2 to Defs.' Mot. to Dismiss, Probable Cause Determination.

determination.  See, e.g., Tittle v. Raines, 231 F. Supp. 2d 537, 554-555 (N.D. Tex. 2002).  Whether a charge is later dropped or a defendant is found not guilty is immaterial to the probable cause analysis.  Buehler v. City of Austin/Austin Police Dep't, No. A-13-CV-1100-ML, 2015 WL 737031, * at 12 (W.D. Tex. Feb. 20, 2015); See Baker v. McCollan, 443 U.S. 137, 145 (1979).  The Constitution does not guarantee that only the guilty may be arrested.  See Baker, 443 U.S. at 145.

However, "When a police affiant makes statements in a search warrant affidavit which are intentionally false or made with reckless disregard for the truth, the statements must be excised from the affidavit before determining whether the affidavit affords probable cause for the issuance of the warrant."  Hass v. State, 790 S.W.2d 609, 611 (Tex. Crim. App. 1990).  Because an affidavit supporting a warrant has a presumption of validity, it is the plaintiff's burden to prove that the defendant fabricated statements in order to obtain a magistrate judge's determination based on materially false statements.  See Cates v. State, 120 S.W.3d 352, 356 (Tex. Crim. App. 2003) (citing Ramsey v. State, 579 S.W.2d 920, 922-23 (Tex. Crim. App. 1979)).

In their response to the motion to dismiss, Plaintiffs rely heavily on the no-bill to raise a fact issue of Wright's lack of probable cause to arrest Carmona.  Plaintiffs' argument in this respect misses the mark.  It is the allegation that Wright

falsified his affidavit to justify the arrest that forms the basis of Carmona's false arrest claim.  The court finds that Plaintiffs have adequately alleged a claim for false arrest.

### 3.  Qualified Immunity

Defendants assert the defense of qualified immunity. Governmental officials are entitled to qualified immunity from liability for civil damages "unless [(1)] the official violated a statutory or constitutional right [(2)] that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 664 (2012)(citing Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)).  Courts have discretion to determine in which order the two prongs are considered.  al-Kidd, 563 U.S. at 735.  Qualified immunity protects an officer regardless of whether the error was "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009)(quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)).

It is beyond argument that a person who swears to facts in an affidavit is aware that he does so under penalties of perjury.  An officer who knowingly, intentionally, or recklessly, falsifies or omits statements to be included in an affidavit, violates a citizen's Fourth Amendment right to be free from illegal search and seizure and may not claim a qualified immunity from suit. Franks v. Delaware, 438 U.S. 154, 171 (1978).  Consequently, if Carmona's

version of the incident is believed, Wright falsified his affidavit and the arrest was without probable cause.  Id.  There can be no qualified immunity for perjured testimony.

Defendants' motion to dismiss on the basis of qualified immunity must be denied at this time.

### 4. City of Houston Liability

A city may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. Connick v. Thompson, 563 U.S. 51, 60 (2011).  To succeed on a claim against the City, a plaintiff must demonstrate that the City "had some inadequate custom or policy that acted as the moving force behind a constitutional violation." Forgan v. Howard Cty., Tex., 494 F.3d 518, 522 (5th Cir. 2007)(citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978)).  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61.

The Supreme Court has also recognized that the rejection of respondeat superior means that "a municipality cannot be held liable solely because it employs a tortfeasor," but only for its own wrongs. Monell v. Department of Social Services, 436 U.S. 658 (1978).  To establish municipal liability under Section 1983, a plaintiff must identify a policymaker, an inadequate official

policy, and a constitutional violation whose moving force is the policy, policymaker, or custom. See Connick v. Thompson, 563 U.S. 51, 60 (2011). Alternatively, unauthorized conduct by city officials and employees can fairly represent a de facto policy when it is an adopted, persistent, and widespread practice. See Bennett v. Slidell, 728 F.2d 762, 772 (5th Cir. 1984); accord Brown v. Bryan Cty., Okla., 219 F.3d 450, 457 (5th Cir. 2000).

Under limited circumstances, the Supreme Court has held that the failure to train or to supervise its employees may give rise to local-government liability under Section 1983. Connick v. Thompson, 563 U.S. 51, 60 (2011). In failure-to-train cases, a plaintiff must prove the inadequacy of the procedures, the policymaker's deliberate indifference, and causation. Zarnow v. City of Wichita Falls, 614 F.3d 161, 170 (5th Cir. 2010). The Fifth Circuit has directly addressed the plaintiff's evidentiary burden of showing a genuine dispute of material fact as to the existence of a de facto policy. See Hicks-Fields v. Harris Cty. 860 F.3d 803, 813 (5th Cir. 2017).

This court has found that at the motion to dismiss stage, a plaintiff "need not specifically state what the policy is . . . but may be more general." Thomas v. City of Galveston, 800 F. Supp.2d 826, 843 (S.D. Tex. 2011). A plaintiff must still "provide fair notice to the defendant and this requires more than genetically restating the elements of municipal liability." Id. Such

allegations could include "past incidents of misconduct to others, multiple harms that occurred to the plaintiffs, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." Id.

Here, Plaintiffs alleged that the City is liable for Wright's conduct under Section 1983 because of a general failure to train. Additionally, Plaintiffs alleged, "Defendants have failed to produce documents pertaining to HPD's guidelines and policies with respect to officer training, firearm standards and use of deadly force regulation as requested by Plaintiffs' in the state court before removal."

Even liberally construing Plaintiffs' complaint, they have not alleged either an official policy or a widespread custom that caused a constitutional violation. The accusations lodged are neither specific enough to give the City fair notice nor specific enough to connect Wright's conduct with the City's failure to train. See City of Houston, 291 F.3d 325, 332 (5th Cir. 2002). "The inadequacy of [the] training must be closely related to the injury." Id. Defects in a particular training program must be specifically alleged. Roberts v. City of Shreveport, 397 F.3d 287, 293 (5th Cir. 2005).

Ultimately, Plaintiffs fail to meet the legal standard set forth above. The court will allow Plaintiffs the opportunity to

amend and replead this claim with greater specificity within fourteen days of the entry of this order. The failure to train allegations must be specifically addressed to the remaining claim against Wright - that he falsified his affidavit supporting the arrest.

## C. __Texas Tort Claims Act__

The TTCA provides that a person having a claim may sue a municipality, for damages that are allowed by the TTCA. __See__ Tex. Civ. Prac. & Rem. § 101.025; 101.001(2)(B). However, in Texas, the doctrine of governmental immunity applies, meaning that, absent a constitutional or statutory waiver of governmental immunity, a city may not be held liable for any of its actions. __Univ. of Tex. Medical Branch v. York__, 871 S.W.2d 175, 177 (Tex. 1994).

Generally, the TTCA waives immunity for municipalities, but these municipalities can be held liable for property damage, personal injury, or death caused by wrongful acts of employees if arising from the use of a motor-driven vehicle or from a condition or use of tangible personal or real property. __See__ Tex. Civ. Prac. & Rem. Code § 101.021. Claims excluded from the Act's general waiver are those that arise out of "assault, battery, false imprisonment, or any other intentional tort". Tex. Civ. Prac. & Rem. Code § 101.057.

Under the election of remedies provision of the TTCA, any suit filed against both a municipality and its employee acting in his

official capacity, shall immediately be dismissed as to the employee on the filing of a motion by the governmental unit.  See Tex. Civ. Prac. & Rem. Code § 101.106(e). "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act].'" Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 n.2 (Tex. 2008).  This includes intentional tort claims.  Id. at 658-59.

The crux of Plaintiffs' claim is that Wright, a municipal actor, assaulted, falsely imprisoned, slandered, and maliciously prosecuted Carmona through the negligent use of his Houston Police Department uniform, service weapon, and handcuffs during an unlawful arrest.  Assault, intentional infliction of emotional distress, false imprisonment, slander, and malicious prosecution are intentional torts; and, therefore, the court must consider Plaintiffs' intentional tort claims against the City and Wright to be brought under the TTCA.  See Donohue v. Dominquez, 486 S.W.3d 50, 54 (Tex. App.–San Antonio 2016, pet. denied)(holding "any civil claims brought for false imprisonment . . . are claims subject to the Texas Tort Claims Act"); See Franka v. Velasquez, 332 S.W.3d 367, 381 (Tex. 2011); Fink v. Anderson, 477 S.W.3d 460, 468 (Tex. App.–Houston [1st Dist.] 2015, no pet.)(stating that malicious

prosecution is an intentional tort).

When negligence claims arise from the same conduct as intentional-tort claims, governmental immunity applies and the state-law claims should be dismissed. See Quinn v. Guerrero, 863 F.3d 353, 363 (5th Cir. 2017). Although Plaintiffs' description of Wright's alleged conduct is couched in terms of negligence, these claims are nonetheless intentional torts and are barred by the TTCA. See Harris Cty. v. Cabazos, 177 S.W.3d 105, 112 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Huong v. City of Port Arthur, 961 F. Supp. 1003, 1008-09 (E.D. Tex. 1997)(holding a plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence).

Plaintiffs' intentional tort claims against the City and Wright must be dismissed.

Plaintiffs seek exemplary damages for Defendants' allegedly malicious conduct under Tex. Civ. Prac. & Rem. Code § 41.003(a). Texas Civil Practice and Remedies Code § 101.024 explicitly states that governmental immunity is not waived for exemplary damages. See Tex. Civ. Prac. & Rem. Code § 101.024; City of Houston v. Johnson, 353 S.W.3d 499, 503 (Tex. App.-Houston [14th Dist.] 2011, pet. denied). Plaintiffs' claim for exemplary damages on the state law causes of action must be dismissed.

## IV.  Conclusion

Based on the foregoing, the court **GRANTS** the City of Houston's

Motion to Dismiss, and recommends that Wright's Motion to Dismiss be **GRANTED IN PART, DENIED IN PART**.  The following claim remains: Plaintiffs' claim of false arrest against Wright.

If Plaintiffs intend to amend their allegations concerning the City's failure to train, they must do so within fourteen days.

**SIGNED** in Houston, Texas, this 15th day of August, 2017.

_____
U.S. MAGISTRATE JUDGE