IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN CARMONA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-03664 |
| | § | |
| WILLIAM WRIGHT, JR. | § | |
| *Defendant.* | § | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

## A. Parties

1.    Plaintiff is Julian Carmona.

2.    Defendant is William Wright, Jr.

## B. Jurisdiction

3.    This federal court has jurisdiction because Plaintiff's claim involves a federal question, that is, Plaintiff has alleged Defendant violated Plaintiff Julian Carmona's rights under the fourth and fourteenth amendments to the United States Constitution. Moreover, Plaintiff alleges Defendant violated 42 U.S.C. § 1983.

## C. Venue

4.    Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1441(a) because the state court where this action originated is located in this federal district.

1

### D. Conditions Precedent

5.   All conditions precedent have been performed or occurred. In this connection, Plaintiff gave Notice Of Claim to Defendant pursuant to law.

### E. Factual Background

6.   On or about April 1, 2016, Plaintiff Julian Carmona, who is licensed to carry a weapon, parked his vehicle at Express Mart 1, 11323 Barker Cypress Road, Cypress, Texas 77433, a convenience store, opened the driver's side door, and as he was exiting his weapon inadvertently fell out of his truck. Mr. Carmona bent down, calmly and immediately put the pistol back into his vehicle.

7.   Defendant Wright, an off-duty Houston Police Officer who was in uniform, exited an unmarked truck registered to him, intentionally and/or negligently wielded a pistol, pointed the weapon at Julian Carmona, cursed at Mr. Carmona and falsely claimed that Mr. Carmona pointed his gun at him.

8.   Defendant Wright ordered Mr. Carmona to lie face down on the concrete parking lot; Mr. Carmona complied; and then Defendant Wright handcuffed Mr. Carmona.

9.   Mr. Carmona was arrested, taken to jail and charged with

2

the felony offense of aggravated assault, a crime punishable from two (2) to twenty (20) years in prison. Mr. Carmona's criminal case was styled Cause No. 150490; The State Of Texas vs. Julian Carmona; 182nd District Court, Harris County, Texas.

10. Officer Wright was acting within the course and scope of his employment with Defendant The City Of Houston upon existing his vehicle.

11. Defendant Wright preposterously claimed he was in fear of his life at the time he confronted Plaintiff Julian Carmona.

12. Surveillance video from the store shows that Mr. Carmona did not point his weapon at or in Defendant Wright's direction. In this regard, Mr. Carmona did not commit a criminal act.

13. A Harris County Grand Jury "No-Billed" the false charges and the Harris County District Attorney's Office dismissed Mr. Carmona's criminal case.

14. A No-Bill is a legal determination that Defendant Wright lacked probable cause when he negligently and falsely accused Mr. Carmona of committing a criminal act. The Grand

3

Jury and the Harris County District Attorney's Office actions, that is, the legal process, substantiate or is evidence of Mr. Carmona's allegations herein.

15. Due to Defendant Wright's conduct and the criminal charges, Mr. Carmona's liberty was in jeopardy, his career and livelihood is threatened, and faces the prospect of losing custody rights as well as visitation privileges with his children.

16. At the time of the incident, Julian Carmona, Jr. and Janely Carmona, Mr. Carmona's biological children, were passengers in Mr. Carmona's vehicle, and witnessed the abuse, detention and arrest of their father at the hands of Defendant Wright.

17. Prior to the court's ruling of August 15, 2017 on Defendants' Motion To Dismiss (Document 19) Plaintiff had alleged The City Of Houston was vicariously liable for the conduct of Defendant Wright.

18. Moments prior to the incident, Defendant Wright had purchased beer from the store and placed the containers in the front passenger seat of his vehicle.

19. Mr. Carmona is seeking damages, in part, because: (1) he is

4

diabetic and was unable to take his medication due to Defendant Wright's actions, causing him physical pain and suffering; (2) Mr. Carmona experienced further physical pain and suffering when Defendant Wright twisted and manipulated his wrist while being hand cuffed and lying face down on the concrete; (3) Mr. Carmona suffered and is presently suffering psychological damage, including mental anguish, emotional trauma, posttraumatic stress, mental pain and suffering, depression, sadness and severe emotional distress – these damages are, in all probability, permanent.

20. Defendant used unreasonable, unnecessary, and excessive force while arresting and detaining Plaintiff Julian Carmona.

21. Defendant is liable to Plaintiff because Defendant Wright intentionally, knowingly, recklessly and/or negligently falsely arrested Plaintiff. In this regard and consistent with the court's ruling of August 15, 2017, Plaintiff is alleging and intends to prove at trial that he was a victim of false arrest at the hands and direction of Defendant Wright.

22. Defendant Wright was negligent is exercising his authority as a commissioned peace officer by the Houston Police Department and as an HPD Police Officer of The City Of Houston.

23. Plaintiff seeks to recover damages from Defendant Wright because Defendant Wright violated Mr. Carmona's rights under The Texas Constitution, Article 1. Bill Of Rights, Sec. 3. Equal Rights, Sec. 3a. Equality Under The Law, and Sec. 9. Searches And Seizures, all designed for the protection of Plaintiff.

24. Defendant Wright also violated Mr. Carmona's fourth and fourteenth amendment rights under the United States Constitution.

25. The injuries and damages suffered by Plaintiff, as set forth above, were significant, substantial, and severe.

26. At the time of Plaintiff Julian Carmona's arrest, Defendant was acting under color of the laws and regulations of the State of Texas and the Houston Police Department.

27. Defendant Wright is not entitled to official immunity because Defendant Wright engaged in unlawful conduct. Defendant Wright acted without legal justification.

Official immunity does not apply when conduct is illegal. In this regard, Defendant Wright did not act in good faith.

28. Plaintiff will show that Defendant William Wright, Jr., while wearing an HPD uniform, did not act in good faith when he engaged Plaintiff Julian Carmona as set forth above. In this regard, after Defendant William Wright, Jr. confronted Plaintiff, Julian Carmona, Defendant William Wright, Jr. told Plaintiff Julian Carmona that Plaintiff Julian Carmona had ruined his "beer night".

<u>Count 1</u>

29. Plaintiff alleges, inter alia, that in the course of Defendant Wright's negligence, he violated legal standards under The Texas Constitution, Article 1. Bill Of Rights, Sec. 3. Equal Rights, Sec. 3a. Equality Under The Law, and Sec. 9. Searches And Seizures, all designed for the protection of Plaintiffs.

<u>Count 2</u>

30. Plaintiffs will further show that Defendant Wright violated Plaintiff Julian Carmona's fourth and fourteenth amendment rights under the United States Constitution.

<u>Count 3 – 42 U.S.C. § 1983</u>

7

31.  Defendant Wright acted willfully, deliberately, maliciously or with reckless disregard for Plaintiff Julian Carmona's clearly established constitutional rights as set forth above.

## Compliance With Notice Provisions

32.  Plaintiff timely presented his claim to Defendant as required by the Texas Tort Claims Act, Section 101.101(b), Texas Civil Practice And Remedies Code, and Article IX, Section 11, City Charter, City Of Houston, Notice Of Claim For Damages (aka The City Of Houston Charter, Section 125. Notice Of Injury or Damages).

## Damages

33.  Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendant's intentional, knowing, reckless and negligent acts. Plaintiff will respectfully request the Court and jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that Plaintiff is

8

entitled to have the jury in this case separately consider
to determine the sum of money for each element that will
fairly and reasonably compensate Plaintiff for the injuries
and damages and losses incurred.    From the date of the
incident in question until the time of trial of this case,
those elements of damages to be considered separately and
individually for the purpose of determining the sum of
money that will fairly and reasonably compensate Plaintiff
for each element are as follows:

  1.    The physical pain that Plaintiff has suffered
  from the date of the incident in question up to the
  time of trial.

  2.    The mental anguish that Plaintiff has suffered
  from the date of the incident in question up to the
  time of trial.

  3.    The amount of reasonable medical expenses
  necessarily incurred in the treatment of Plaintiff's
  injuries from the date of the incident in question up
  to the time of trial.

  4.    The cost of counseling, psychiatric and
  psychological care, education and training associated
  with Plaintiff's damages.

  5.    Attorney's fees in defending false criminal
  charges as well as bail bond costs.

From the time of trial of this case the elements of
damages to be separately considered which Plaintiff will

9

most likely sustain in the future beyond the trial, are such of the following elements:

1.  The physical pain that Plaintiff will suffer in the future beyond the time of trial.

2.  The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

3.  The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial.

4.  The cost of counseling, psychiatric and psychological care, education and training associated with Plaintiff's injuries and damages.

Because of all of the above and foregoing, Plaintiff Julian Carmona herenow sues the Defendant for an amount of five (5) million dollars ($5,000,000.00) or the maximum amount allowed under law.

All of these damages described above were proximately caused by Defendant's acts and/or omissions.

<u>Exemplary Damages</u>

34.  Plaintiff seeks to recover exemplary or punitive damages against Defendant as allowed by law under the circumstances.

<u>Attorney's Fees</u>

35.  Plaintiff is entitled to an award of attorney's fees and

costs under 42 U.S.C. § 1988(b).

## Jury Demand

36.   Plaintiff hereby asserts his rights under the seventh amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues. Prior to removal, Plaintiff demanded a jury trial in state court.

## Prayer

37.   For these reasons, Plaintiff asks for judgment against Defendants William Wright, Jr. as follows:

a.    Plaintiff Julian Carmona herenow sues the Defendant in the amount of five (5) million dollars ($5,000,000.00) or the maximum amount allowed under law, plus exemplary or punitive damages.

b.    Reasonable attorney's fees at four hundred dollars ($400.00) per hour.

c.    Prejudgment and postjudgment interest.

d.    Costs of suit.

e.    All other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Michael G. Martinez*
Michael G. Martinez
Attorney For Defendant Julian Carmona
State Bar No. 13143150
Federal I.D. No. 3904
P.O. Box 1348
Friendswood, Texas 77549-1348
(281) 450-1997
(281) 204-9259 Fax
mikegmartinezlaw@gmail.com
noralisam@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via automatic electronic filing; regular U.S. mail; certified mail, return receipt requested; hand delivery; and/or by facsimile transmission on this the 16th day of January, 2017.

*/s/ Michael G. Martinez*
Michael G. Martinez

13

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN CARMONA, | § | |
|                *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:16-cv-03664 |
| | § | |
| WILLIAM WRIGHT, JR. | § | |
|               *Defendant.* | § | |

**ORDER**

On _____, 2018, the court considered Plaintiffs' Unopposed Motion Requesting Leave To Amend Plaintiffs' First Amended Original Complaint, and the court hereby grants said motion. Accordingly, the court accepts Plaintiff's Second Amended Original Complaint as Plaintiff Julian Carmona's operative pleading.

                              _____
                              JUDGE PRESIDING

1